IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| JACQUES MADER, individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b),<br><br>*Plaintiff,*<br><br>v.<br><br>CPG CATERING, LLC d/b/a Gallagher's Grill and d/b/a Pat Gallagher's 527 Restaurant & Bar,<br><br>*Defendant.* | No. 2:24-cv-00925 |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

The case is brought against Gallaghers Restaurant ("Defendant") as a result of its unlawful practices that deprive its employees—including Plaintiff and other employees like Plaintiff—of the wages rightfully owed to them under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff brings this complaint individually and on behalf of all other similarly situated employees—other servers and bartenders—who were paid a direct hourly wage of less than $7.25 per hour while working at any of Defendant's restaurants in Louisiana during the last three (3) years.

1

## Table of Contents

I. Summary of FLSA Minimum Wage and Tip Credit Violations ........................................... 3

II. Parties ................................................................................................................................ 5

III. Jurisdiction and Venue ...................................................................................................... 6

IV. Defendant is Required to Comply with the FLSA ............................................................ 6

V. Facts Supporting Minimum Wage and Tip Credit Violations ........................................... 7

VI. Collective Action Allegations ......................................................................................... 14

VII. Cause of Action No. 1: Failure to Pay the Minimum Wage ........................................... 15

VIII. Wage Damages Sought ................................................................................................... 16

IX. Prayer for Relief .............................................................................................................. 17

I.       S**UMMARY OF** FLSA M**INIMUM** W**AGE AND** T**IP** C**REDIT** V**IOLATIONS**

1. Defendant paid Plaintiff—and other servers and bartenders like Plaintiff—an hourly wage that is less than $7.25 per hour, which is the minimum wage required by the FLSA, 29 U.S.C. § 206.

2. Instead of paying its servers and bartenders the full minimum wage required by the FLSA, it appears Defendant was attempting to take credit for the tips its servers and bartenders earned in order to supplement and meet its obligation to pay the minimum wage required by the FLSA. This method of paying tipped employees less than minimum wage and relying on tips to meet the minimum wage requirement is commonly referred to as taking a "tip credit." *See* 29 U.S.C. § 203(m).

3. Under the FLSA's tip credit provisions—an affirmative defense—an employer may, under certain circumstances, pay "tipped employees" less than the minimum wage by taking a "tip credit" against the employer's minimum wage obligations from the tips its employees receive from customers. In other words, if an employer can prove it complied with the strict requirements for taking a tip credit, then the employer may be permitted in limited circumstances to pay its tipped employees as little as $2.13 per hour by taking a "credit" for a portion of the tips an employee earns up to a maximum tip credit of $5.12 per hour. *See* 29 U.S.C. 203(m).

4. However, in order to take a credit for *any* portion of an employee's tips, the employer must first show compliance with the strict requirements for taking a "tip credit" *See* 29 U.S.C. 203(m).

5. Here, Defendant violated the FLSA by paying Plaintiff and the Collective

Members a direct cash hourly wage of less than the minimum wage ($7.25) required by Section 206 of the FLSA.

6. Moreover, Defendant committed multiple violations of the tip credit, and therefore, Defendant cannot rely on tips to supplement the subminimum hourly wage it paid to Plaintiff and the Collective Members.

 a. **Violation for failure to inform:** Defendant failed to correctly inform Plaintiff and the Collective Members of its desire to rely on the tip credit to meet the minimum wage.

 b. **Violation for illegal kickbacks for non-203(m) items:** Plaintiff and the Collective Members were required to pay for certain clothing, tools, and other non-203(m) items during their employment as servers and bartenders for Defendant.

 c. **Violation for improper handling of the tip pool, including exerting unlawful control over Plaintiff's tips vis-à-vis the tip pool:** Plaintiff and the Collective Members contributed a portion of their tips to a tip pool. However, Defendant did not distribute the tip pool pursuant to an agreement with its servers and bartenders. In addition, Defendant cannot prove that its tip pool was fully distributed solely among customarily and regularly tipped employees.

 d. **Violation for performing work unrelated to tipped occupation:** Plaintiff and Collective Members were required to perform improper types, and excessive amounts, of non-tipped work, including, but not limited to sweeping, cleaning the restaurant, polishing silverware and glasses, stocking workstations, and other tasks unrelated to their jobs as servers and bartenders.

 e. **Violation for requiring servers and bartenders to perform nontipped duties in excess of 20% of their time and for periods longer than 30 minutes:** Plaintiff and Collective Members were required to perform nontipped duties that even if such duties were related to their job as servers and bartenders, such duties took up more than 20% of their time and were also performed for more than 30 continuous minutes at a time. These duties included, but are not limited to: setting up tables, cleaning tables, wiping booths, and refilling condiments, among other duties.

7. As a result of these violations, Defendant did not comply with the strict requirements for taking a tip credit and thus has lost any ability to rely on the tip credit to

supplement its failure to pay Plaintiff the full minimum wage. Therefore, Defendant must compensate Plaintiff and all similarly situated employees—servers and bartenders—the full minimum wage rate, unencumbered by the tip credit, for all hours worked. In other words, Defendant must account for the difference between the subminimum hourly wage paid to Plaintiff and Collective Members and the full minimum wage ($7.25) required by the FLSA. In addition, Defendant is liable to Plaintiff and the Collective Members for all misappropriated tips, plus liquidated damages in an amount equal to all damages owed to them. Finally, Plaintiff and Collective Members are entitled to recover an additional award to compensate them for their attorneys' fees and costs.

## II.   PARTIES

8.   Plaintiff Jacques Mader is an individual and resident of Louisiana. Plaintiff was employed by Defendant as a server and a bartender from April 2022 until approximately July of 2023. Plaintiff was employed by Defendant to work as a server and bartender at its restaurant in Covington, Louisiana known as Gallagher's Grill and at its restaurant in Mandeville, Louisiana known as Pat Gallagher's 527 Restaurant & Bar.  As evidenced by the notice of consent being filed with the Court, Plaintiff has consented to be a party-plaintiff to this action brought under the FLSA.

9.   The putative collective of similarly situated employees ("Collective Members") consists of all Defendant's current and former employees who worked at least one shift as a server (i.e. waiter or waitress) and/or bartender and were paid a direct cash wage of less than minimum wage during the three-year period prior to the commencement of this action through the date this case is certified as a collective action. Collective Members will "opt in" pursuant to Section 216(b)

of the FLSA by filing a consent to become a party-plaintiff. *See* 29 U.S.C. § 216(b).

10.     Defendant is an entity formed under the laws of Louisiana. Defendant qualifies as an employer as that term is defined under the FLSA, 29 U.S.C. § 203(d), and therefore, Defendant is liable for violating the FLSA.

### III.     JURISDICTION AND VENUE

11.     Defendant is subject to personal jurisdiction in Louisiana because Defendant resides in the State of Louisiana.

12.     In addition, Defendant has sufficient minimum contacts with the State of Louisiana to confer personal jurisdiction. Defendant conducts business in Louisiana and employed Louisiana residents, such as Plaintiff and the Collective Members, to work in Louisiana.

13.     This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b) *et. seq.*

14.     Venue is proper in this District because Defendant resides in this District. In addition, venue is proper in this District because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### IV.     DEFENDANT IS REQUIRED TO COMPLY WITH THE FLSA

15.     At all material times, Defendant is and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

16.     At all relevant times, Defendant has acted directly or indirectly in the interest of an employer with respect to Plaintiff and the Collective Members.

17. At all relevant times, Plaintiff and the Collective Members were individual "employees" of Defendant (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)).

18. At all relevant times, Defendant has acted directly or indirectly in the interest of an employer with respect to Plaintiff and the Collective Members.

19. At all relevant times, Defendant has collectively, or individually, been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20. Finally, as part of their employment for Defendant, Plaintiff and the Collective Members handled food and other food service items that were purchased across state lines or traveled in interstate commerce, or both. Plaintiff and the Collective Members also served customers who were traveling from out-of-state or across interstate lines. In addition, Plaintiff and the Collective Members regularly and frequently processed interstate credit card transactions. Finally, Plaintiff and Collective Members handled food and beverages that had been procured and traveled across interstate lines.

V.     FACTS SUPPORTING MINIMUM WAGE AND TIP CREDIT VIOLATIONS

21. Defendant owns and operates dining establishments known as the Pat Gallagher's Restaurant Group: Gallagher's Grill, Pat Gallagher's 527 Restaurant & Bar, Gallagher's on Front

Street and Pat's Rest Awhile. Defendant employs servers and bartenders at all of the above-mentioned locations—including Plaintiff and the Collective Members—to serve and wait on Defendant's customers.

22. In exchange for their labor, Defendant pays its servers and bartenders an hourly wage that is far less than the federally mandated minimum wage.

23. At relevant times, Defendant paid Plaintiff less than minimum wage.

24. Because Defendant paid its servers and bartenders less than minimum wage, in order to earn an income, Defendant's servers and bartenders are required to rely on tips customers leave for them in recognition for the service they provided.

25. Defendant purportedly sought to take advantage of the tip credit—Defendant paid its servers and bartenders less than minimum wage.

26. However, Defendant did not satisfy the strict requirements for taking a tip credit. For instance, Defendants maintained a policy and practice whereby it failed to provide Plaintiff and the Collective Members with the statutorily required notice of the tip credit.

27. In addition, Defendant also failed to provide Plaintiff and the Collective Members with <u>written</u> notice of the information required by 29 C.F.R. § 516.28(a)(3).

28. Because Defendant failed to give Plaintiff and the Collective Members notice of all the provisions required by the FLSA, Defendant cannot rely on tips and utilize the tip credit as an affirmative defense to the failure to pay Plaintiff and the Collective Members the minimum wage required by Section 206 of the FLSA.

29. Second, Defendant did not allow Plaintiff and Collective Members to retain all tips as required by Section 203(m).

30. For instance, Defendant subjected Plaintiff and the Collective Members to an

illegal policy that required Plaintiff and the Collective Members to pay for their uniforms, tools, and other non-203(m) items. Plaintiff and the Collective Members were required to pay for uniforms, tools, and incurred other expenses.

31. Because Plaintiff and the Collective Members paid for their uniforms, tools, and other non-203(m) items, Defendant violated the tip credit because the costs of these non-203(m) items is a retention of tips and violates condition two of 29 U.S.C. § 203(m).

32. Moreover, Plaintiff and the Collective Members were required to contribute a portion of their tips to a tip pool.

33. The FLSA requires that an employer ensure that "all tips received by [each] employee [be] retained by the employee . . .." 29 U.S.C. § 203(m). The sole exception to the requirement that employees retain all earned tips, when an employer takes the tip credit, is where the employer operates a lawful tip pool. *See id.* (requiring that "all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips"); 29 C.F.R. § 531.54 ("[V]alid mandatory tip pools . . . can only include those employees who customarily and regularly receive tips.").

34. Here, Defendant violated the tip credit by unlawfully "exercising control over a portion of the[ir servers'] tips." *Davis v. B & S, Inc.*, 38 F. Supp. 2d 707, 714 (N.D. Ind. 1998); *see also Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 894 (D. Md. 2011) (finding violation of the FLSA where employer exercised control over employee's tips in violation of the tip credit provisions).

35. For instance, Defendant unilaterally determined how to allocate tips from the tip

pool—there was no agreement among the servers and bartenders regarding the allocation of their tips from the tip pool. Indeed, servers and bartenders were told that asking where the tips in the tip pool were going was discouraged, and never met with an answer. Because Defendant unilaterally decided, without input or agreement from Plaintiff and the Collective Members, how to distribute the servers' and bartenders' tips from the tip pool, Defendant did not comply with the FLSA and thus cannot claim a tip credit.

36. In addition, Defendant illegally exercised control over Plaintiff's and Collective Members' tips when Defendant chose to utilize the tip pool to reduce its payroll expense and pad its bottom line. Defendant cannot prove that it fully distributed the tip pool solely among customarily and regularly tipped employees.

37. Because Defendant cannot prove that it fully and lawfully distributed the tip pool solely among customarily and regularly tipped employees, Defendant cannot utilize the tip credit to pay Plaintiff and the Collective Members.

38. Defendant also maintained a policy and practice whereby servers and bartenders were required to perform non-tip producing side work unrelated to their tipped occupation as servers and bartenders. Defendant continued compensating Plaintiff and the Collective Members at the subminimum "tip credit" rate while they were engaged in nontipped work (i.e. work unrelated to their job as servers and bartenders). While performing these non-tip generating duties, Plaintiff and the Collective Members were performing work that did not include interacting with or serving customers— Plaintiff and the Collective Members were not performing the type of work that generally evokes tipping generosity.

39. These non-tipped duties included but were not limited to the following: sweeping,

cleaning, polishing silverware and glasses, cleaning the restaurant, kitchen duties, breaking down stations, garnishing food, restocking items, and many other activities that are not related to the tipped occupation of a server or bartender.

40. Defendant also maintained a policy and practice whereby Plaintiff and the Collective Members were required to spend a substantial amount of time, in excess of 20 percent and for periods longer than 30 continuous minutes, performing nontip producing duties related to their tipped occupation as servers and bartenders.

41. Specifically, Defendant maintained a policy and practice whereby Plaintiff and the Collective Members were required to spend a substantial amount of time, and much more than 20 percent of their time, performing nontip producing duties, including, but not limited to: preparatory work, setting up the restaurant, breaking down the restaurant, cleaning tables, bussing tables, wiping chairs, and other nontipped duties.

42. Further, Defendant required Plaintiff and the Collective Members to perform non-tip producing work prior to the opening of the restaurant and after the restaurant closed. Indeed, Defendant required the Plaintiff and the Collective Members to arrive prior to the restaurant's opening for business when no customers were present and thus there was no opportunity to earn tips and required Plaintiff and Collective Members to perform non-tipped labor.

43. Likewise, Defendant required Plaintiff and Collective Members to remain at the restaurants after they had closed for business and when there was no opportunity to earn tips, to perform non-tipped labor. Plaintiff and Collective Members spent far more than twenty percent of their time engaged in non-tip producing tasks and for continuous periods of time exceeding 30

minutes—including before the restaurant was open and after the restaurant was closed.

44. Defendant continued paying Plaintiff and the Collective Members at the tip credit rate—less than minimum wage—while requiring them to perform these nontipped tasks. Many of the nontipped tasks that Defendant required Plaintiff and the Collective Members to perform are duties that should have been assigned to employees who are required to be paid at least minimum wage.

45. In other words, instead of assigning these tasks to an employee who was paid at least or more than minimum wage, Defendant attempted to take advantage of the tip credit and assign these tasks to Plaintiff and Collective Members while continuing to pay them less than minimum wage.

46. When Plaintiff and the Collective Members performed these non-tipped duties, they did not interact with customers and did not have an opportunity to earn tips.

47. Indeed, Defendant did not have a policy prohibiting its tipped employees from performing certain types, or excessive amounts, of non-tipped work.

48. In fact, Defendant maintained a policy requiring Plaintiff and the Collective Members to complete various non-tipped tasks each shift.

49. Moreover, Defendant did not track or record the amount of time Plaintiff or the Collective Members spent performing non-tipped work, even though Defendant had the capability to do so.

50. Defendant uses a point-of-sale system to record hours worked by its tipped employees.

51. Defendant's timekeeping system was capable of tracking multiple job codes for

different work assignments, but Defendant failed to assign different job codes to Plaintiff and the Collective Members to track when they were engaged in nontipped duties.

52. In the point-of-sale system, Defendant can create different "clock in" codes that would allow tipped employees to record their time at the full minimum wage when performing non-tipped work.

53. However, Defendant did not allow its tipped employees to clock-in at the full minimum wage rate when performing the non-tipped work described in this Complaint.

54. Moreover, Defendant violated the FLSA by not even paying the minimum "tipped" hourly rate. Defendant required its tipped employees to pay for tools, uniform items, such as shirts, pants, and shoes, and other non-203(m) items. These expenses were primarily incurred for the benefit and convenience of Defendant.

55. Because Defendant violated the requirements to claim the tip credit, Defendant should be divested of the tip credit and is not permitted to take a credit for any tips to offset the minimum wages required to be paid to Plaintiff and the Collective Members.

56. As such, Plaintiff and the Collective Members were not compensated at the federally mandated minimum wage.

57. Defendant knew or should have known that its policies and practices violate the law, and Defendant failed to make a good faith effort to comply with the FLSA.

58. Defendant acted knowingly, willfully, and/or with reckless disregard of the law by carrying out the illegal pattern and practice regarding its tipped employees as described in this Complaint. Defendant's method of paying Plaintiff and the Collective Members was not based on a good faith and reasonable belief that its conduct complied with the law.

## VI.     COLLECTIVE ACTION ALLEGATIONS

59. Plaintiff realleges and reasserts each of the foregoing paragraphs as if set forth in full herein.

60. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all current and former employees who worked at least one shift as a server (i.e. waiter or waitress) for Defendant in Louisiana and were paid a direct cash wage of less than minimum wage during the three-year period prior to the commencement of this action through the date this case is certified as a collective action.

61. Plaintiff has knowledge, through conversations with co-workers, that a collective of similarly situated workers exists who have been subjected to the same policies of Defendant with respect to the payment of the minimum wage.

62. Defendant employed other servers and bartenders who are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

63. Like Plaintiff, the Collective Members were not given proper notice of the tip credit provisions and performed substantial work that was unrelated to their tip-producing duties for a significant period of time.

64. Moreover, the Collective Members were all subject to the same unlawful tip pool.

65. In addition, the Collective Members were similarly required to pay for various uniform items, tools, and other items that were not board, lodging, or other facilities.

66. The names and addresses of the Collective Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, or by the use of techniques and a form of notice similar to

those customarily used in representative actions.

67. Although the exact amount of damages may vary among the Collective Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

68. As such, the group of similarly situated employees ("Collective Members") can currently be defined as follows:

> **All current and former employees who worked at least one shift as a server (i.e. waiter or waitress) and/or a bartender for Defendant in Louisiana and were paid a direct cash wage of less than minimum wage during the three-year period prior to the commencement of this action through the date this case is certified as a collective action.**

### VII. CAUSE OF ACTION NO. 1: FAILURE TO PAY THE MINIMUM WAGE

69. Plaintiff realleges and reasserts each of the foregoing paragraphs as if set forth in full herein.

70. This count arises from Defendant's violation of the FLSA in connection with its failure to pay the minimum wage. See 29 U.S.C. § 206.

71. Plaintiff and the Collective Members were paid hourly rates less than the minimum wage while working for Defendant.

72. Plaintiff and the Collective Members were not exempt from the minimum wage requirements of the FLSA.

73. Defendant's failure to pay the minimum wage to Plaintiff and the Collective Members in violation of the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA. 29 U.S.C. § 255(a).

## VIII.     WAGE DAMAGES SOUGHT

74. Plaintiff realleges and reasserts each of the foregoing paragraphs as if set forth in full herein.

75. Plaintiff and the Collective Members are entitled to receive the difference between the minimum wage and the tip credit adjusted minimum wage for each hour they worked.

76. Plaintiff and Collective Members are entitled to reimbursement of all misappropriated tips plus an equal amount as liquidated damages.

77. Plaintiff and Collective Members are entitled to all their misappropriated funds, including repayment of all expenses Defendant required Plaintiff and Collective Members to incur, plus an equal amount as liquidated damages.

78. Plaintiff and Collective Members are entitled to an amount equal to all unpaid wages found due (including all their misappropriated tips and unlawful expenses incurred) as liquidated damages because Defendant's actions were not based upon good faith. See 29 U.S.C. § 216(b).

79. Plaintiff and Collective Members are entitled to recover damages for the past three (3) years because Defendant's violations were willful.

80. Plaintiff and Collective Members are entitled to recover attorneys' fees and costs as required by the FLSA. See 29 U.S.C. § 216(b).

## IX. PRAYER FOR RELIEF

81. For each of the foregoing reasons, Plaintiff, individually and on behalf of Collective Members, respectfully requests that judgment be entered in their favor and against Defendant, awarding Plaintiff and the Collective Members the following:

   a. For an order pursuant to Section 216 of the FLSA finding Defendant liable for unpaid wages (including all misappropriated tips and all unlawful expenses incurred) due to Plaintiff (and those who join in the suit), and for liquidated damages equal in amount to the unpaid minimum wages (including all misappropriated tips and paid business expenses) due to Plaintiff (and those who join in the suit);

   b. For an order awarding Plaintiff (and those who join in the suit) an amount of pre-judgment interest, as may be appropriate, and post-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

   c. For an order awarding Plaintiff (and those who join in the suit) all attorneys' fees incurred;

   d. For an order awarding Plaintiff (and those who join in the suit) all costs and expenses incurred in pursuing this action; and

   e. For an order granting any such other and further relief as this Court deems just and appropriate.

\*   \*   \*

Respectfully submitted,

By: */s/ Matthew S. Parmet*
_____
**Matthew S. Parmet**
LA Bar # 32855
**PARMET PC**
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone  713 999 5228
matt@parmet.law

**Drew N. Herrmann**
Texas Bar No. 24086523
(*seeking admission pro hac vice*)
drew@herrmannlaw.com
**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: 817-479-9229
Fax: 817-840-5102

**Douglas B. Welmaker**
Texas Bar No. 00788641
(*seeking admission pro hac vice*)
**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**Attorneys for Plaintiff**